# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-01453-DOC (SK) | Date | September 16, 2019 |
| Title | Fredrick Terence Harvey v. County of Riverside et al. | | |

Present: The Honorable   Steve Kim, U.S. Magistrate Judge

|  Connie Chung  |  n/a  |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff, a California state prisoner, filed a complaint under 42 U.S.C. § 1983, alleging that numerous probation officers, police detectives, deputy sheriffs, and municipalities violated his constitutional rights in at least 10 incidents since 2015. (Compl., ECF 1 at 1-11). But because Plaintiff requests to proceed in forma pauperis, the Court must screen his complaint to "identify cognizable claims" and dismiss those that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)-(2) (2018). As currently pled, Plaintiff's discursive complaint does not survive these screening standards.

To begin with, Plaintiff challenges a 2015 arrest for unlawful possession of a firearm and ammunition. (Compl. at 3-8). He claims that the involved defendants maliciously prosecuted him. But that is a tort claim under California state law, so it is not actionable under § 1983. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if it were actionable, Plaintiff cannot state a claim for malicious prosecution. To do that, he must allege first and foremost that the underlying action "was pursued to a legal termination in [his] favor." *Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019). But Plaintiff admits that he pled guilty to the charges against him (Compl. at 7), so he cannot demonstrate a favorable termination of the underlying case. Moreover, if Plaintiff's complaint about the 2015 arrest is intended to attack his conviction from that arrest, it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Civil rights actions that amount to a collateral attack on the legality of a state conviction and sentence cannot be raised under § 1983. *See id.* at 486-87. And even if they were not *Heck*-barred, Plaintiff's claims would be time-barred because they arise from events between September 2015 and January 2016. (Compl. at 6, 7). Plaintiff had to bring his suit based on these events within two years. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (section 1983 suit in California federal court has two-year statute of limitations); *Stavropoulos v. Superior Court*, 45 Cal. Rptr. 3d 705, 706 (Ct. App. 2006) ("[M]alicious prosecution actions are subject to a two-year statute of limitations.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01453-DOC (SK) | Date | September 16, 2019 |
|---|---|---|---|
| Title | Fredrick Terence Harvey v. County of Riverside et al. | | |

Plaintiff's claims arising from events in 2017 fare no better. (Compl. at 10-11). He contends that after he pled guilty to a misdemeanor, he was incarcerated 16 days past his sentence. (*Id.*). But "[c]onfinement beyond the end of an inmate's sentence only gives rise to § 1983 liability if the inmate's continued detention was the result of 'deliberate indifference' by state actors." *Barnacascel v. Montana, Dep't of Corr.*, 103 Fed. App'x 195, 196 (9th Cir. 2004) (citing *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc)). Plaintiff has alleged no facts meeting that deliberate indifference standard. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Nor has he alleged facts plausibly showing that he was denied due process. *See Haygood*, 769 F.2d at 1355-59. Conclusory assertions like those in the complaint do not suffice. *See* Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff's third set of allegations stems from a congeries of encounters in 2019 with unidentified law enforcement officers. (Compl. at 8, 10). He asserts that various Doe defendants seized or searched him without probable cause or reasonable suspicion at random locations like a drug store, a car wash, or on the street. (*Id.*). He also claims that other Doe defendants used excessive force. (*Id.* at 10). But "not all personal intercourse between policemen and citizens involves 'seizures' of persons." *Terry v. Ohio*, 392 U.S. 1, 20 (1968). And probationers like Plaintiff have diminished expectations of privacy against searches. *See United States v. Lara*, 815 F.3d 605, 610 (9th Cir. 2016). As for excessive force, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (1989). In short, much more than what Plaintiff has alleged based on these scattershot incidents in 2019 is needed to state a plausible claim under Rule 8. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Plaintiff's fourth group of claims relates to his current conditions of confinement. (Compl. at 9). But none of these appear administratively exhausted as required by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that a state prisoner seeking relief for alleged civil rights violations during confinement exhaust all prison administrative remedies before filing a federal lawsuit. *See* 42 U.S.C. § 1997e(a) (2018). In California, an inmate must complete three levels of formal review to exhaust a complaint. *See* 15 Cal. Code Reg. § 3084.7 (2011). An appeal is not exhausted until a prisoner has completed the third level of review. *See id*. § 3084.1(b). So Plaintiff's grievances about inadequate medical treatment, inadequate nutrition, misclassification as a level five inmate, and denial of prison library access cannot be entertained in federal court until after Plaintiff has exhausted his state prison remedies first. *See Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016); *Jones v. Bock*, 549 U.S. 199, 211 (2007). Even then, as discussed below, Plaintiff must comply with the joinder requirements of Rule 20(a)(2) by not commingling in a single complaint different events, legal claims, and state actors that should be raised in separate actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01453-DOC (SK) | Date | September 16, 2019 |
|---|---|---|---|
| Title | Fredrick Terence Harvey v. County of Riverside et al. | | |

Finally, Plaintiff's claims against municipalities—and his official-capacity claims against employees of those municipalities—are too conclusory to state actionable claims. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" and "not a suit against the official personally." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). And to sue a municipality properly, Plaintiff must allege: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)). If he believes that the municipalities had unlawful practices, Plaintiff must still allege facts that plausibly suggest a widespread practice "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Here, Plaintiff has alleged no non-conclusory facts that plausibly suggest such a widespread custom and practice by the municipalities. At most, Plaintiff has alleged discrete and isolated incidents of misconduct by their employees, but there is no respondeat superior liability for municipalities under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."). Furthermore, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Yet Plaintiff alleges no facts plausibly showing that any municipality supervisors personally participated in any alleged constitutional deprivation. They may not be held liable just because they are the titular heads of certain departments, unless there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Just alleging that they employed other individually named defendants within a department—and then merely asserting without plausible facts that they were complicit in their subordinates' conduct—is not enough to impose supervisory liability. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

\* \* \* \* \* \* \* \* \*

For all these reasons, Plaintiff is ORDERED TO SHOW CAUSE on or before **October 16, 2019**, why his in forma pauperis application should not be denied and this action dismissed because of the legal and factual deficiencies outlined above. If Plaintiff cannot cure these deficiencies, he may voluntarily dismiss this action without prejudice using the attached form CV-09. *See* Fed. R. Civ. P. 41(a). Prisoner complaints dismissed voluntarily do not count as strikes under 28 U.S.C. § 1915(g), which caps the number of federal civil rights lawsuits prisoners may file in their lifetime without prepayment of filing fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01453-DOC (SK) | Date | September 16, 2019 |
|---|---|---|---|
| Title | Fredrick Terence Harvey v. County of Riverside et al. | | |

      Alternatively, Plaintiff may file an amended complaint that not only cures all these deficiencies and meets the pleading requirements of Rules 8 and 12(b)(6), but that also satisfies the strict joinder requirements of Rule 20(a)(2). Multiple claims based on disparate legal theories against numerous defendants arising from unrelated events without common questions of law or fact may not be combined in one complaint. *See* Fed. R. Civ. P. 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). They must be raised in separate lawsuits. Here, Plaintiff has improperly joined at least four to five, if not more, discrete incidents that must be brought in separate actions if he wants to pursue all of them in federal court.

      **ACTION REQUIRED: If Plaintiff does not file either a notice of voluntary dismissal, an amended complaint, or other timely response to this order by <u>October 16, 2019</u>, this action may be involuntarily dismissed for lack of prosecution.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1. **In addition, if court mail directed to Plaintiff's address of record is returned undeliverable and Plaintiff fails to notify the Court in writing within 15 days of his correct mailing address, this action may be involuntarily dismissed on that basis alone for lack of prosecution.** *See* L.R. 41-6.