# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK TERENCE HARVEY,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE et al.,<br><br>Defendants. | CASE NO. 5:19-cv-01453-DOC (SK)<br><br>**ORDER DISMISSING ACTION FOR LACK OF PROSECUTION** |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983, alleging that numerous probation officers, police detectives, deputy sheriffs, and municipalities violated his constitutional rights in at least ten incidents since 2015. (ECF 1). In September 2019, the Court screened the complaint and found it deficient under 28 U.S.C. § 1915A. (ECF 6). The Court thus ordered Plaintiff to show cause why his in forma pauperis application should not be denied and this action dismissed because of the legal and factual deficiencies outlined in the order to show cause. (*Id.* at 3). Alternatively, the Court granted Plaintiff leave to amend his complaint by no later than October 16, 2019. (*Id.* at 4). The Court warned Plaintiff that if he did not timely file either an amended complaint or other response to the order to show cause, this action would be involuntarily dismissed for lack of prosecution. (*Id.*). But as of this order, Plaintiff has filed no response to the order to show cause, no amended complaint, and no request for an extension of time. Nor has the Court received any undeliverable mail or a notice of change of address suggesting that Plaintiff did not receive the order to show cause. For these reasons, the complaint must be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b); L.R. 41-1; *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002).

In so doing, the Court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). All these factors support dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, Plaintiff's "noncompliance" with court orders necessarily impairs the Court's ability to "manage its docket." *Pagtalunan,* 291 F.3d at 642. Third, a rebuttable presumption of prejudice to the opposing side arises when a litigant delays prosecution. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Fourth, it is Plaintiff's responsibility to move the case to a merits disposition with reasonable dispatch. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Finally, no consequence short of dismissal is feasible. The Court gave Plaintiff an opportunity to respond and warned him of the consequences—including dismissal—for failure to prosecute. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992). Lesser sanctions are impossible given Plaintiff's incarcerated and pro se status.

THEREFORE, the complaint is DISMISSED for lack of prosecution. Plaintiff's request to proceed in forma pauperis is DENIED as moot. Judgment dismissing this action without prejudice will be entered accordingly.

**IT IS SO ORDERED.**

DATED: November 5, 2019

*David O. Carter*
DAVID O. CARTER
U.S. DISTRICT JUDGE